FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

DEC 1 2 2005

GREGORY C. LANGHAM
CLERK

Civil Action No. 05-cv-01927-OES

EDWARD E. HUDSON,

       Plaintiff,

v.

BILL OWENS,
JOE ORTIZ, and
FRED OLIVAS,

       Defendants.

_____

## ORDER TO FILE AMENDED COMPLAINT AND TO SHOW CAUSE

_____

       Plaintiff Edward E. Hudson is a prisoner in the custody of the Colorado

Department of Corrections (DOC) who currently is incarcerated at the Limon, Colorado,

correctional facility.  He filed *pro se* a complaint pursuant to 42 U.S.C. § 1983 (Supp.

2005) and 28 U.S.C. § 1343(a)(3) (1993).  He asks for money damages and injunctive

relief.

       The Court must construe the complaint liberally because Mr. Hudson is

representing himself.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v.*

*Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not be the

*pro se* litigant's advocate.  *Hall*, 935 F.2d at 1110.  For the reasons stated below, Mr.

Hudson will be ordered to file an amended complaint and to show cause why the

complaint should not be dismissed for failure to exhaust Denver County Jail and the

DOC's administrative grievance procedures.

Mr. Hudson asserts three primary claims apparently arising from his incarceration at the Denver County Jail and from his DOC custody. As his first claim, he alleges that on May 26, 2004, he was a pretrial detainee in a van being driven by a Denver sheriff, and that he was being transported from state court to the Denver County Jail on Smith Road when the van rear ended a large moving truck. As a result, he suffered an physical injury that has been diagnosed as a herniated disk and nerve compression. He contends that the Denver County Jail refused to provide him with medical care to alleviate his pain.

As his second claim, Mr. Hudson alleges that the DOC has not taken any action to remedy his back injury, other than to provide him with a walking cane and with medication that negatively affects his health. He also complains that the DOC has confiscated his shoes and foot orthotics. His third claim is a continuation of his second.

Mr. Hudson fails to assert clearly each Defendant's personal participation in the alleged constitutional violations. Personal participation is an essential allegation in a civil rights action. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, the plaintiff must show that each defendant caused the deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant 's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). Defendants, such as Governor Bill Owens, DOC Executive Director Joe Ortiz, or Fred Olivas, chief of the Denver Sheriff's Department, may not be held liable merely because of their supervisory

2

positions. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983).

In addition, it appears that Mr. Hudson has failed to exhaust his first claim through the Denver County Jail's grievance procedure and his second and third claims through the DOC's grievance procedure. Pursuant to 42 U.S.C. § 1997e(a) (Supp. 2005), "[n]o action shall be brought with respect to prison conditions under . . . any . . . Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." An inmate must exhaust administrative remedies before seeking judicial relief regardless of the relief sought and offered through administrative procedures, *see Booth v. Churner*, 532 U.S. 731, 739 (2001), and regardless of whether the suit involves general circumstances or particular episodes. *See Porter v. Nussle*, 534 U.S. 516, 532 (2002).

Mr. Hudson is a prisoner confined in a correctional facility. The claims he asserts relate to prison conditions. Therefore, he must exhaust the available administrative remedies. Furthermore, 42 U.S.C. § 1997e(a) "imposes a pleading requirement on the prisoner." *Steele v. Fed. Bureau of Prisons*, 355 F.3d 1204, 1210 (10th Cir. 2003). To satisfy the burden of pleading exhaustion of administrative remedies, Mr. Hudson must "either attach copies of administrative proceedings or describe their disposition with specificity." *Id.* at 1211. Finally, § 1997e(a) imposes a total exhaustion requirement on prisoners. *See Ross v. County of Bernalillo*, 365 F.3d 1181, 1189 (10th Cir. 2004). Therefore, if Mr. Hudson has failed to exhaust

3

administrative remedies for any one of his claims, the entire complaint must be dismissed.

Mr. Hudson alleges only that "I've filled out all griveances [sic], 1, 2, and 3." Complaint at 7. Apparently, he refers to filing DOC steps one, two, and three grievances as to his second and third claims. However, this allegation fails to describe with specificity the disposition of these grievances, and he fails to attach copies of his DOC administrative proceedings. In addition, he makes no mention of attempting to exhaust his first claim through the Denver County Jail's grievance procedure. Therefore, Mr. Hudson will be ordered to show cause why the complaint should not be dismissed for failure to exhaust the administrative grievance procedure appropriate for each asserted claim.

Finally, Mr. Hudson is advised that he must provide sufficient copies of the amended complaint to serve each named Defendant. The Court will not make the copies necessary for service. Therefore, Mr. Hudson should review his claims carefully to ensure that each named Defendant personally participated in the asserted constitutional violations. Accordingly, it is

ORDERED that Mr. Hudson file **within thirty (30) days from the date of this order** an original and a copy of an amended complaint that complies with the directives in this order and that shows cause why the complaint should not be dismissed for failure to exhaust the Denver County Jail and the Colorado Department of Corrections' administrative grievance procedures. It is

FURTHER ORDERED that the amended complaint shall be titled "Amended

4

Prisoner Complaint," and shall be filed with the Clerk of the Court, United States District Court for the District of Colorado, Alfred A. Arraj United States Courthouse, 901 Nineteenth Street, A105, Denver, Colorado 80294. It is

FURTHER ORDERED that the clerk of the Court mail to Mr. Hudson, together with a copy of this order, two copies of the following form for use in submitting the amended complaint: Prisoner Complaint. It is

FURTHER ORDERED that Mr. Hudson submit sufficient copies of the amended complaint to serve each named Defendant. It is

FURTHER ORDERED that if Mr. Hudson fails to comply with this order to the Court's satisfaction within the time allowed, the complaint and the action will be dismissed without further notice.

DATED at Denver, Colorado, this 12 day of _December_ , 2005.

BY THE COURT:

O. EDWARD SCHLATTER
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No.  05-cv-01927-OES

Edward E. Hudson
Prisoner No. 125068
Limon Correctional Facility
49030 State Hwy. 71
Limon, CO 80826

I hereby certify that I have mailed a copy of the **ORDER and two copies of the Prisoner Complaint** to the above-named individuals on 12/12/05

GREGORY C. LANGHAM, CLERK

By:_____
Deputy Clerk